UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| WILDWOOD TOWNHOMES OWNERS ASSOCIATION, a Washington Non-Profit Corporation,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>EAGLE WEST INSURANCE COMPANY, a California Corporation; and DOE INSURANCE COMPANIES 1-10,<br><br>　　　　　　　　Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES<br><br>JURY DEMAND |

The Wildwood Townhomes Owners Association (the "Association") alleges as follows:

## I.　　INTRODUCTION

1.1　　This is an action for declaratory judgment (including money damages), breach of contract, bad faith, Consumer Protection Act ("CPA") violations, Insurance Fair Conduct Act ("IFCA") violations, and money damages seeking:

　　(A)　A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under Eagle West Insurance Company's ("EWIC") policies issued to the Association. The Association is seeking a ruling that each of EWIC's policies provide coverage for hidden damage at the Wildwood Townhomes complex and that EWIC is liable for money damages for the cost of repairing hidden damage at the Wildwood Townhomes complex.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 1

STEIN, SUDWEEKS & STEIN, PLLC
2701 First Ave., Suite 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

(B) Attorneys' fees (including expert witness fees) and costs.

(C) Money damages for the cost of repairing covered damage, bad faith, breach of contract, and violations of both the CPA and the IFCA.

(D) Any other relief the Court deems just and equitable.

## II. PARTIES AND INSURANCE CONTRACTS

2.1 <u>The Association</u>. The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Snohomish County, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Wildwood Townhomes complex located at 3316 164th Street SW, Lynwood, Washington 98087.  The Association consists of twenty-two (22) buildings comprising 246 residential units and separate single-story structure that serves as a club house.

2.2 <u>EWIC</u>. Eagle West Insurance Company ("EWIC") is domiciled in California with its principal place of business in Monterey, California.  EWIC issued insurance policies to the Association including but not limited to Policy No. 25-BOP-2-1817031 (in effect from at least July 25, 2013 to July 25, 2016). The Association is seeking coverage against all EWIC policies issued to the Association.

2.3 <u>Doe Insurance Companies 1–10.</u>  Doe Insurance Companies 1–10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Wildwood Townhomes complex as covered property.

2.4 <u>Wildwood Insurers</u>.  EWIC and Doe Insurance Companies 1–10 shall be collectively referred to as the "Wildwood Insurers."

2.5 <u>Wildwood Policies</u>. The policies issued to the Association by the Wildwood Insurers shall be collectively referred to as the "Wildwood Policies."

## III. JURISDICTION AND VENUE

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 2

STEIN, SUDWEEKS & STEIN, PLLC
2701 First Ave., Suite 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

3.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3.2     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as the Wildwood Insurers marketed and sold insurance to the Association in Snohomish County; a substantial part of the events giving rise to the claim, including the breach of contract, occurred in Snohomish County; and the insured condominium building is located in Snohomish County.

## IV.    FACTS

4.1     <u>Incorporation by Reference</u>. The Association re-alleges the allegations of paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2     <u>Tender to Wildwood Insurers</u>.  On June 26, 2019, the Association tendered its claim to EWIC for hidden recently discovered at the Wildwood Condominium complex.

4.4     <u>Joint Intrusive Investigation.</u>  The Association hired an investigative firm, Evolution Architects ("Evolution"), to investigate the extent of hidden damage at the Wildwood Townhomes complex. Subsequent to the claims tender, Evolution in conjunction with EWIC's consultants performed a Joint Intrusive Investigation at the Wildwood Townhomes complex. This investigation revealed extensive hidden damage to sheathing, framing, and weather resistive barrier throughout the property attributable to long term, incremental and progressive water damage. According to the Association's experts, the cost to repair the hidden damage at the Wildwood Townhomes complex exceeds the jurisdictional limit of $75,000.

4.5     <u>EWIC's Denial of the Association's Claim.</u>  On January 21, 2021, EWIC unreasonably denied coverage for the Association's insurance claim.

4.6     <u>IFCA Letter to EWIC.</u> In compliance with the IFCA, the Association provided written notice to EWIC and the Washington State Office of the Insurance Commissioner that explained

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 3

STEIN, SUDWEEKS & STEIN, PLLC
2701 First Ave., Suite 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

why EWIC's coverage denial was unreasonable. The Association's IFCA letter explained that, among other deficiencies, EWIC's denial was unreasonable in that its grounds for denying coverage ignored relevant Washington case law that previously interpreted the same EWIC policy forms in favor of coverage. On April 16, 2021 EWIC responded to the Association's IFCA notice informing the Association it would not cure its unreasonable denial.

### V.   FIRST CLAIM AGAINST THE WILDWOOD INSURERS: DECLARATORY RELIEF THAT THE WILDWOOD POLICIES PROVIDE COVERAGE

5.1   Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 4.6, above, as if fully set forth herein.

5.2   Declaratory Relief. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

(A)   The Wildwood Policies cover the hidden damage to exterior building components including but not limited to exterior sheathing, framing, and weather resistive barrier at the Wildwood Townhomes complex.

(B)   No exclusions, conditions, or limitations bar coverage under the Wildwood Policies.

(C)   The loss or damage to Wildwood Townhomes complex was incremental and progressive. New damage commenced during each year of the Wildwood Policies.

(D)   As a result, the Wildwood Policies cover the cost of investigating and repairing the hidden damage to exterior building components including but not limited to exterior sheathing, framing, and weather resistive barrier at the Wildwood Townhomes complex.

### VI.   SECOND CLAIM: AGAINST EWIC FOR BREACH OF CONTRACT

6.1   Incorporation. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 5.2, above, as if fully set forth herein.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 4

STEIN, SUDWEEKS & STEIN, PLLC
2701 First Ave., Suite 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

6.2     EWIC has contractual duties under the terms of its policy and/or policies to pay the cost of investigating and repairing the covered damage to the Wildwood Townhomes complex.

6.3     EWIC breached its contractual duties by wrongfully denying coverage on January 21, 2021, and by failing to pay the cost of repairing the covered damage to the Wildwood Townhomes complex.

6.4     As a direct and proximate result of EWIC's breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

6.5     <u>Additional Damages</u>. As a direct and proximate result of EWIC's breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs, investigation costs and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

## VII.    THIRD CLAIM: AGAINST EWIC FOR INSURANCE BAD FAITH

7.1     <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2     The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interest and its own interest and must not engage in any action that demonstrates a greater concern for its own financial interest than its insured's financial risk. An insurer who does not deal fairly with its insurer, or who does not give equal consideration to its insured's interest, fails to act in good faith.

7.3     The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 5

STEIN, SUDWEEKS & STEIN, PLLC
2701 First Ave., Suite 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

conducting a reasonable investigation or without having a reasonable justification, fails to act in good faith.

7.4     EWIC had a duty to investigate, evaluate, and decide the Association's claim in good faith. EWIC breached its duty by unreasonably investigating, evaluating, and/or denying the claim by, among other things: (1) failing to acknowledge that weather conditions such as rain or wind-driven rain were one of the causes of the hidden damage at the Wildwood Townhomes complex; (2) failing to acknowledge that weather conditions such as rain and wind-driven rain are covered causes of loss under its policy(s); (3) failing to acknowledge that there is coverage under its policy(s) when damage results from a concurrent combination of rain and bad construction or wear and tear; (4) failing to acknowledge that there is coverage under the resulting loss clause in its policy(s); and (5) failing to define terms in the EWIC policy pursuant to the plain meaning of the terms. In additional EWIC unreasonably delayed in coming to a coverage determination.

7.5     A violation, if any, of one or more of the Washington claim handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. EWIC's conduct violated Washington claim handling standards:

- Which require it to fully disclose all pertinent coverages.
- Which prohibit misrepresentations regarding relevant facts (e.g. the cause of damages) or coverage.
- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation.
- Which require EWIC to provide a reasonable explanation of the relevant facts, law, and policy language and how its policy language supported a denial of the Association's claim.
- Which require EWIC to adopt and implement reasonable standards for the prompt investigation of claims.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 6

STEIN, SUDWEEKS & STEIN, PLLC
2701 First Ave., Suite 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

7.6     EWIC's actions and omissions, including but not limited to its denial of coverage, were unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of EWIC's duty of good faith. As a direct and proximate result of the breaches, the Association has been damaged in an amount to be proven at trial.

### VIII.     FOURTH CLAIM: AGAINST EWIC FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

8.1     <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 7.6, above, as if fully set forth herein.

8.2     Violations of claims handling standards provided under the WAC are per se CPA violations. On information and belief, the conduct of EWIC was deceptive, impacted the public, and had the capacity to deceive. The Association is a consumer. As a direct and proximate result of EWIC's violations, the Association has been damaged in an amount to be proven at trial. The Association is entitled to damages, CPA penalties of up to $25,000.00 per violation, and attorneys' fees under the CPA.

### IX.     FIFTH CLAIM: AGAINST EWIC FOR VIOLATIONS OF THE INSURANCE FAIR CONDUCT ACT

9.1     <u>Incorporation by Reference.</u>  The Association re-alleges and incorporates by reference Paragraphs 1.1 through 8.2, above, as if fully set forth herein.

9.2     The Association is a first party claimant asserting a right to payment as a covered person under an insurance policy or insurance contract arising out of the occurrence of a contingency or loss covered by such a policy. EWIC's denial of the Association's claim was unreasonable. The Association provided written pursuant to RCW 48.30.015(8) to EWIC and the Insurance Commissioner's Office of its IFCA cause of action and explained in detail why EWIC's coverage denial was unreasonable. EWIC failed to resolve the basis for the Association's IFCA claim within twenty (20) days of the Association's notice.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 7

STEIN, SUDWEEKS & STEIN, PLLC
2701 First Ave., Suite 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

9.3     The Association has been injured by EWIC's failure to change its unreasonable denial of coverage. The Association is entitled to attorneys' fees and a discretionary award of enhanced damages that "increases the total award of damages to an amount not to exceed three times the actual damage."

## X.     PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

10.1    <u>Declaratory Judgment Regarding Coverage</u>.  A declaratory judgment that the Wildwood Policies provide coverage as described herein.

10.2    <u>Money Damages.</u>  For money damages against each of the Wildwood Insurers for the cost of investigating and repairing hidden damage at the Wildwood Townhomes complex in an amount to be proven at trial, as well as money damages against EWIC for breach of the duty of good faith in an amount to be proven at trial.

10.3    <u>Attorneys' Fees and Costs of Suit</u>.  For reasonable attorneys' fees (including expert fees). *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

10.4    <u>CPA Penalties.</u>  For CPA penalties against EWIC of up to $25,000 per violation.

10.5    <u>Enhanced IFCA Damages.</u>  For a discretionary award of enhanced IFCA damages against EWIC that "increase the total award of damages to an amount not to exceed three times the actual damage."

10.6    <u>Other Relief</u>.  For such other and further relief as the Court deems just and equitable.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 8

STEIN, SUDWEEKS & STEIN, PLLC
2701 First Ave., Suite 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

## XI. DEMAND FOR JURY TRIAL

11.1 Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

Dates the 14th day of June, 2021.

**STEIN, SUDWEEKS & STEIN, PLLC**

/s/ *Daniel J. Stein*
/s/ *Justin D. Sudweeks*
/s/ *Jerry H. Stein*
/s/ *Cortney M. Feniello*
Daniel J. Stein, WSBA #48739
Justin D. Sudweeks, WSBA #28755
Jerry H. Stein, WSBA #27721
Cortney M. Feniello, WSBA #57352
2701 First Avenue, Suite 430
Seattle, WA 98121
Email: dstein@condodefects.com
Email: justin@condodefects.com
Email: jstein@condodefects.com
Email: cfeniello@condodefects.com
Telephone: (206) 388-0660
Facsimile: (206) 286-2660

*Attorneys for Plaintiff*

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 9

STEIN, SUDWEEKS & STEIN, PLLC
2701 First Ave., Suite 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660